1   JANET M. HEROLD
    Regional Solicitor
2   MARC A. PILOTIN
    Counsel for Wage and Hour Litigation
3   BORIS ORLOV (Cal. Bar No. 223532)
    Senior Trial Attorney
4   DEMIAN CAMACHO
    JESSICA M. FLORES
5   DAVID L. EDELI
    Trial Attorneys
6   UNITED STATES DEPARTMENT OF LABOR
    350 S. Figueroa Street, Suite 370
7   Los Angeles, CA 90071-1202
    Telephone: (213) 894-5410
8   Fax: (213) 894-2064
    Orlov.Boris@dol.gov
9   *Attorneys for Plaintiff R. Alexander Acosta*

10

11              IN THE UNITED STATES DISTRICT COURT

12                 FOR THE DISTRICT OF ARIZONA

13

14

| | |
|---|---|
| R. Alexander Acosta,<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　　Plaintiff,<br>　　　　v.<br><br>Scott L. Tonn; Julie A. Pace; Jennifer L.<br>Sellers; and The Cavanagh Law Firm, P.A.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE RETALIATION PROVISIONS OF THE FAIR LABOR STANDARDS ACT** |

## NATURE OF THE ACTION

1.     Plaintiff R. Alexander Acosta, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the Fair Labor Standards Act ("FLSA") in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers.

2.     In this action, the Secretary seeks to enjoin Defendants Scott L. Tonn, Julie A. Pace, Jennifer L. Sellers, and the Cavanagh Law Firm (collectively "Defendants") from violating Sections 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), pursuant to FLSA Section 17, 29 U.S.C. § 217.

3.     As explained further below, Defendants' retaliatory conduct warranting an injunction arose during the pendency of *Acosta v. Austin Electric LLC* (Case No. 2:16-cv-02737-PHX-ROS), another action brought by the Secretary under the FLSA that is currently pending in this District before the Honorable Roslyn O. Silver ("Austin Electric Litigation").

## JURISDICTION AND VENUE

4.     Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

5.     Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391(b), as Defendants have conducted business within Arizona, have been residents of Arizona, and a substantial part of the events giving rise to the Secretary's claim occurred in this District.

## DEFENDANTS ARE PARTIES SUBJECT TO THE FLSA

6.     Defendant Scott L. Tonn, an individual who resides within the jurisdiction of this Court, is engaged in business within the jurisdiction of the court. Among other things, Defendant Tonn transacts such business through Tonn Investments, LLC. Since 2013, Defendant Tonn, through Tonn Investments, has been the majority owner of Austin Electric.

7.     Defendant Julie A. Pace, an individual who resides within the jurisdiction of this Court, is an attorney engaged in the practice of law within the jurisdiction of this Court.  She has been a Senior Member of Defendant The Cavanagh Law Firm since 2010, and she is presently the head of the Firm's Employment Group.

8.     Defendant Jennifer L. Sellers is an attorney who has engaged in the practice of law within the jurisdiction of this Court.  At the times relevant to the challenged conduct, she was a Senior Member of Defendant The Cavanagh Law Firm.

9.     Defendant The Cavanagh Law Firm is and has been a professional association licensed to do business in the State of Arizona, with its principal place of business located at 1850 North Central Avenue, Suite 2400, Phoenix, Arizona 85004, within the jurisdiction of this Court, where it is and has been engaged in providing legal services.  Hereinafter, Defendants Cavanagh Law Firm, Pace, and Sellers are referred to as ("Attorney Defendants").

10.    Defendants fall within the scope of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), which reaches "any person" who retaliates against employees.

## FACTUAL ALLEGATIONS REGARDING DEFENDANTS' VIOLATIONS

11.    Austin Electric Services LLC ("Austin Electric") is a residential electrical contractor that operates in Arizona.

12.    Defendants Tonn and Pace are next door neighbors who talk frequently about a variety of topics as both are active in civic and construction industry professional endeavors.

13.     In August 2016, the Secretary initiated the Austin Electric Litigation seeking relief for Austin Electric's sweeping violations of the Fair Labor Standards Act, arising from Austin Electric's failure to pay all wages due to its employees.

14.     In Austin Electric Litigation, Austin Electric repeatedly sought the identities of informers who spoke to the Secretary. The Secretary repeatedly opposed Austin Electric's efforts to expose which of their employees spoke to the Secretary's representatives. In this context, the court issued two orders order prohibiting Austin Electric's discovery of these informers. The first order, dated September 1, 2017, provided for a stipulated, orderly process commencing 75 days before trial through which Austin Electric would be permitted limited discovery regarding any informants the Secretary disclosed that he would be offering as witnesses at trial. The second order, dated October 16, 2017, provided that Austin Electric could not discover the identities of non-testifying informers.

15.     On December 13, 2017, the Secretary and Austin Electric participated in a full-day mediation regarding the Austin Electric Litigation. Defendant Tonn attended this mediation. The Secretary and Austin Electric did not settle their dispute during that mediation.

16.     According to Defendant Pace's representations to the court in the Austin Electric Litigation, at or around the time of the December 2017 mediation, Defendant Tonn expressed his frustration about the Austin Electric Litigation to Defendant Pace.

17.     Shortly thereafter, in January 2018, Defendant Tonn and Austin Electric retained Attorney Defendants to represent Austin Electric. According to Defendant Pace, Attorney Defendants were retained for the purposes of conducting a "HR Audit." Under the guise of this alleged audit, Defendants undertook a campaign to intimidate and pressure Austin Electric employees into providing sworn declarations waiving their rights to recover wages in the Austin Electric Litigation. The employees Defendants targeted were within the class of employees for which the Secretary sought relief in the Austin Electric Litigation.

18.     Despite being aware of the Austin Electric Litigation, Defendants did not notify the Department of Labor that they were interviewing witnesses and taking sworn statements compromising Austin Electric's employees' ability to participate and benefit from the Secretary's pending enforcement of the FLSA through the Austin Electric Litigation.

19.     Defendant Pace was aware of the Austin Electric Litigation before beginning the purported HR Audit.  She and Attorney Defendants thus had an obligation to be familiar with the Litigation, including the existing court orders issued in the Litigation.  Nevertheless, Defendants took actions to subvert those orders, including through attempting to determine which Austin Electric employees were informers.

20.     During the purported HR Audit, Austin Electric employees were required to attend interviews with Defendants and/or their agents during work time. The interviews generally lasted an hour, although some interviews took significantly longer. During the interviews, Defendants Pace and Sellers never informed Austin Electric employees that the interviews were voluntary; that the employees could leave; or that the employees could consult or have the presence of the Secretary's representatives or even a neutral person, such as a lawyer, during these interviews these employees were required to attend with Attorney Defendants.

21.     During the interview, Defendants and/or their agents used an interview outline that Attorney Defendants authored. Based on that outline, Defendants and/or their agents asked Austin Electric employees about specific events related to the Austin Electric Litigation, including whether they had been instructed to underreport their hours worked and whether they had been paid for all hours worked. Among other things, the outline that Defendants and/or their agents used contained the following:

> a.   Questions regarding whether employees spoke to any government entities, such as the Department of Labor, about their work conditions; and

      b.  A question regarding whether "the agency told [the employee] that there was [*sic*] any issues or anything wrong or that you were owed money, etc."

22.    After the interview, Defendants and/or their agents presented employees with preprinted written declarations, not open ended forms to be filled out by employees. Attorney Defendants drafted the preprinted declarations so that Austin Electric employees would be signing under penalty of perjury. The preprinted declarations Defendants and/or their agents presented had various statements related to the Austin Electric Litigation, including "I have been paid for all hours that I worked at the Company."

23.    Defendants did not inform Austin Electric employees that they could seek the assistance or presence of the Secretary's representatives or counsel prior to signing the declarations or any other neutral person or that their decision to sign the declaration was voluntary. Defendants also did not inform employees that, by signing these declarations employees might adversely affect the exercise of their rights under the FLSA and specifically their rights to participate in and benefit from the Secretary's pending enforcement action in federal court against Austin Electric.

24.    Attorney Defendants did not disclose to Austin Electric Employees that they represented a party that was taking a position adverse to the employee's interests under the FLSA and a position adverse to that the Secretary in the pending litigation, nor did Attorney Defendants take any steps to educate the employees they interviewed regarding their rights under the FLSA before presenting them with declarations for signature.

25.    Defendants did not provide the Austin Electric employees with the copies of the declarations they signed, nor did Attorney Defendants' interview outline contain an instruction to tell employees during the interview that employees would receive copies of the declarations at a later date.

26.     Defendants never disclosed to any of the Austin Electric employees interviewed that the declarations they presented to the employees for signature under oath contradicted Austin Electric's own records, which reveal that the employees were not paid for all wages due for all hours worked as required under the FLSA.

27.     On June 1, 2018, as part of the Austin Electric Litigation, the Honorable Roslyn O. Silver conducted a hearing upon the Secretary's motion for a temporary restraining order and preliminary injunction related to the HR Audit. Defendants Tonn and Pace attended that hearing.

28.     On August 20, 2018, the Court entered an injunction against Austin Electric, ruling that the Secretary was likely to succeed on the merits of a claim for a violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3). Defendant Pace authored and submitted materials that were part of the evidentiary record underlying the order.

29.     Defendants' solicitation and extraction of coerced declarations, which included false or misleading testimony, constituted an adverse employment action under the FLSA.

30.     Defendants' retaliatory conduct was triggered by Austin Electric employees' pursuit of their statutorily protected rights to full compensation and the Secretary's FLSA lawsuit to enforce those rights.

**CLAIM FOR RELIEF**

**Violation of Section 15(a)(3) of the FLSA**

31.     Defendants have violated and, if not enjoined, will continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by virtue of the conduct alleged above.

32.     At all relevant times, Defendants have willfully violated and, if not enjoined, will continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants engaged in the conduct alleged above, even though they knew or should have known that this conduct violates the FLSA.

# **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a)     For an injunction under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the FLSA, including Section 15(a)(3);

(b)     For an Order providing any further equitable relief as may be deemed necessary or appropriate, including issuance of a curative notice concerning Defendants' violations of the FLSA; and

(c)     For an Order awarding the Secretary the costs of this action.


Respectfully submitted,

Dated: December 17, 2018                         KATE S. O'SCANNLAIN
                                                 Solicitor of Labor

                                                 JANET M. HEROLD
                                                 Regional Solicitor

                                                 MARC A. PILOTIN
                                                 Counsel for Wage and Hour Litigation


                                                 _____/s/ Boris Orlov_____
                                                 BORIS ORLOV
                                                 Senior Trial Attorney

                                                 DEMIAN CAMACHO
                                                 JESSICA M. FLORES
                                                 DAVID L. EDELI
                                                 Trial Attorneys

                                                 *Attorneys for the Secretary, U.S.*
                                                 *Department of Labor*